Zhang v. Sessions

BIA
Poczter, IJ
A200 171 434

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

LI JIN ZHANG,

*Petitioner,*

v.                                              17-362
                                                NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONER:          Zhen Liang Li, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Principal Deputy
                         Assistant Attorney General;

Janette L. Allen, Senior Litigation Counsel; Neelam Ihsanullah, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Jin Zhang, a native and citizen of the People's Republic of China, seeks review of a January 12, 2017, decision of the BIA affirming a July 29, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Jin Zhang,* No. A200 171 434 (B.I.A. Jan. 12, 2017), *aff'g* No. A200 171 434 (Immig. Ct. N.Y. City July 29, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , and the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Zhang was not credible as to his claim that police detained and beat him for attending an unregistered church in China.

The agency reasonably relied in part on Zhang's and his uncle's unresponsiveness and evasiveness when asked to testify about matters that might impugn their credibility or that deviated from their written statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). That finding is supported by the record.

The demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The agency reasonably found that Zhang testified inconsistently regarding whether the reason he became too depressed to work was the requirement that he report to police after his release from detention or the ending of a relationship. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Zhang also made inconsistent statements regarding how long he worked in Shanghai, which was a long distance from his home and church: his application recited that he worked in Shanghai for five years, while he testified that he worked there for a few months. *See id.* Zhang did not provide compelling explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Moreover, as the agency observed, Zhang's testimony was inconsistent with his uncle's testimony regarding whether Zhang was attending church when they last saw each other in

4

China, and regarding where the uncle works in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Zhang could not compellingly explain these inconsistencies. *See Majidi*, 430 F.3d at 80

Having questioned Zhang's credibility, the agency reasonably relied further on his failure to rehabilitate his claim with reliable evidence that police in China had targeted him in the past and remained interested in him. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err in declining to credit letters from Zhang's mother and friend in China because the letters were unsworn, and the authors were unavailable for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Zhang admitted that he had no evidence to corroborate a doctor's visit to treat his injuries after his release from detention. And, although Zhang submitted a receipt from the fine his parents purportedly paid to secure his release, he testified (inconsistently) that he had no evidence of that payment.

5

Given the demeanor and inconsistency findings, and the lack of reliable corroboration, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court